UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMERICAN BANK AND TRUST CO., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-0317-CVE-FMH |
| | ) | |
| BOND INTERNATIONAL LIMITED, | ) | |
| BOND INTERNATIONAL (US) INC., | ) | |
| BOND INTERNATIONAL (U.K.) LIMITED, | ) | |
| DAVID K. BOND and AKKEL | ) | |
| HOLDINGS LIMITED, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Now before the Court is Defendants' Application for Jury Trial and Brief in Support (Dkt. # 47, 56). Defendants ask the Court to exercise its discretion under Fed. R. Civ. P. 39(b) to order a jury trial, even though defendants failed to demand a jury trial as required by Fed R. Civ. P. 38. Plaintiff responds that defendants have contractually waived the right to a jury trial.

Defendants failed to demand a jury trial within 10 days after service of its answer, and pursuant to Fed. R. Civ. P. 38(d), have waived their right to a jury trial. However, defendants ask the Court to invoke its discretionary authority pursuant to Fed. R. Civ. P. 39(b), which states:

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

The Tenth Circuit has held that a "jury trial should be granted in the absence of 'strong and compelling reasons to the contrary.'" Green Const. Co. v. Kansas Power & Light Co., 1 F.3d 1005, 1011 (10th Cir. 1993) (quoting AMF Turboscope, Inc. v. Cunningham, 352 F.2d 150, 155 (10th Cir.

1965)).  In the absence of a compelling reason to deny defendant's request or prejudice to plaintiff, defendants claim that denial of their request would be an abuse of discretion by the Court.  See Federal Deposit Ins. Corp. v. Palermo, 815 F.2d 1329, 1333-34 (10th Cir. 1987).

Plaintiff has presented a compelling reason to deny defendants' request.  In the Credit Agreement, defendants irrevocably waived the right to a jury trial as follows:

> Each party hereto, in each case for itself, it successors and assigns, hereby . . . (g) irrevocably waives to the fullest extent permitted by law, its respective rights to a jury trial of any claim or cause of action based upon or arising out of any Loan Document.  The scope of each of the foregoing waivers is intended to be all encompassing of any and all disputes that may be filed in any court and that relate to the subject matter of this transaction, including, without limitation, contract claims, tort claims, breach of duty claims, and all other common law and statutory claims.  Each BORROWER acknowledges that these waivers are a material inducement to AMERICAN's agreement to enter into a business relationship, that inducement to AMERICAN's agreement to enter into a business relationship, that AMERICAN has already relied on these waivers entering into this Agreement, and that AMERICAN will continue to rely on each of these waivers in related future dealings.  Each BORROWER further warrants and represents that it has reviewed these waivers with its legal counsel, and that it knowingly and voluntarily agrees to each such waiver following consultation with legal counsel.  The waivers in this Section 9.6 are irrevocable, meaning that they may not be modified either orally or in writing, and these waivers shall apply to any subsequent amendments, supplements, and replacements to or of this or any other loan paper.  In the event of Litigation, this Agreement may be filed as a written consent to a trial by the court.

Dkt. # 2, Ex. A, Credit Agreement, at 26-27.  Waivers of a jury trial in a civil case are enforceable and not contrary to public policy.  Telum, Inc. v. E.F. Hutton Credit Corp., 859 F.2d 835, 837 (10th Cir. 1988); K.M.C. Co., Inc. v. Irving Trust Co., 757 F.2d 752, 756 (6th Cir. 1985).  The waiver of a party's Seventh Amendment right to a jury trial is valid if the waiver was knowing and voluntary. Leasing Serv. Corp. v. Crane, 804 F.2d 828, 832-33 (4th Cir. 1986).

Defendants have not addressed the validity of the waiver in their application for jury trial but, given that the waiver involves a constitutional right, the Court will examine whether defendants' waiver was knowing and voluntary. The waiver was in the same typeface as the rest of the contract, and the heading for the waiver was specifically underlined and typed in bold lettering. This is a strong indication that plaintiff did not attempt to bury this provision in the contract. See Washington v. New York City Bd. of Estimate, 709 F.2d 792, 797 n.4 (2d Cir. 1983) (recognizing presumption against enforcement of waiver if provision buried in fine print, but finding waiver presumptively enforceable if conspicuously noted in agreement); F.D.I.C. v. Ottawa University, 906 F. Supp. 601, 602 (D. Kan. 1995) (waiver printed in same typeface as rest of contract was conspicuous). There is no indication that the credit agreement or the jury trial waiver should be treated as an adhesion contract, because both parties to the contract were sophisticated and represented by legal counsel. See Nat'l Equipment Rental, Ltd. v. Hendrix, 565 F.2d 255 (2d Cir. 1977). The Court finds that the waiver of jury trial was knowingly and voluntarily entered by defendants, because it was conspicuously noted in the agreement and was not the result of unequal bargaining power or coercion.

Once the court makes an initial finding that the waiver was knowing and voluntary, the burden shifts to the party opposing enforcement of the waiver to prove that it was fraudulently induced to sign the waiver. Telum, 859 F.2d at 837. Defendants have not produced any evidence suggesting that they were fraudulently induced to agree to the jury trial waiver. The Court recognizes that, under the discretionary standard of Fed. R. Civ. P. 39(b), a demand for jury trial should be granted in the absence of a "strong and compelling" reason in opposition to such a request. See Fredieu v. Rowan Co., Inc., 738 F.2d 651, 653-54 (5th Cir. 1984); AMF Tuboscope, Inc., v.

Cunningham, 352 F.2d 150, 155 (10th Cir. 1965).  However, contractual waiver provides a compelling reason to deny defendants' application for a jury trial and defendants have not met their burden of proof to show that the waiver was fraudulently induced.  In addition, defendants have not presented any reason why they did not make a timely demand for a jury trial.  Nissan Motor Corp. v. Burciaga, 982 F.2d 408, 409 (10th Cir. 1992) (district court does not abuse its discretion to deny jury trial under Fed. R. Civ. P. 39(b) when sole reason for untimely jury demand was that plaintiff inadvertently neglected to request jury trial).  Defendants have contractually waived their right to a jury trial and the Court will not disturb the parties' agreement.

**IT IS THEREFORE ORDERED** that Defendants' Application for Jury Trial and Brief in Support (Dkt. # 47, 56) is **denied**.

**DATED** this 16th day of October, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT