UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN BANK AND TRUST CO., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-CV-0317-CVE-FHM |
| ) | |
| BOND INTERNATIONAL LIMITED, ) | |
| BOND INTERNATIONAL (US) INC., ) | |
| BOND INTERNATIONAL (U.K.) LIMTED, ) | |
| DAVID K. BOND and AKKEL ) | |
| HOLDINGS LIMITED, ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff American Bank and Trust Co.'s Opposed Motion for Leave to File Second Motion under Fed. R. Civ. P. 56 (Dkt. # 63)[1] and Defendants' Motion to Reconsider and Brief in Support (Dkt. # 64). Plaintiff American Bank and Trust Co. ("American") requests leave of court to file a motion for summary judgment on its claim for breach of guaranty against defendant David K. Bond ("Bond"). Defendants ask the Court to reconsider its opinion and order (Dkt. # 62) granting partial summary judgment in favor of plaintiff.

**I.**

Defendants claim that the Court committed clear error by granting plaintiff's motion for partial summary judgment and they ask the Court to reconsider its decision. First, defendants argue that American knowingly violated federal law by accepting a security interest in property held by

---

[1] Plaintiff noted that this motion was opposed because defense counsel was unable to determine whether their clients opposed plaintiff's request. Out of caution, plaintiff designated this motion as opposed, but defendants declined to file a response.

a Cuban corporation. Second, they claim the entire loan agreement should be declared void for illegality under Oklahoma law.

## A.

Defendants operate an international business that consists of leasing intermodal tanks and chassis to businesses across Europe, South and Central America, and the United States. Defendants established a banking relationship with American, and eventually requested a credit line of $25 million. American loaned defendants the full amount requested but, in return, required defendants to provide a wide range of collateral. American claimed a security interest in tanks, chassis, and proceeds of leases to Havana Club International, S.A. ("Havana Club"), a Cuban corporation. American recognized that the United States government placed restrictions on transactions with Cuban-owned entities, but accepted the security interest as part of the collateral to secure the loan. Defendants defaulted on the loan and, after several extensions, defendants were unable to pay off the principal and interest. American filed this lawsuit alleging that defendants breached the loan agreement by failing to repay the full amount of the loan, and American also seeks to foreclose on any collateral.

American moved the Court to appoint a receiver to manage defendants' businesses during the pendency of the lawsuit. American believed that its collateral was in jeopardy because of the uncertain state of defendants' financial affairs. Defendants objected to American's request, and argued that the entire loan agreement was void under federal trade regulations. The Court found that it did not have the authority to appoint a receiver over collateral held by Havana Club, because American had not complied with the Trading with the Enemy Act, 50 U.S.C. App. § 1, et seq. ("TWEA"), and the Cuban Assets Control Regulations, 31 C.F. R. § 515.101 et seq. ("CACR").

However, the Court held that the TWEA and the CACR did not invalidate the entire loan agreement, and the Court noted that the parties inserted a severability provision in the credit agreement. The severability clause specifically stated:

> 8.5 **Invalid Provision**. If any provision in any Loan Document is held to be illegal, invalid, or unenforceable, such provision shall be fully severable; the appropriate Loan Document shall be construed and enforced as if such provision had never comprised a part thereof; and the remaining provisions thereof shall remain in full force and effect and shall not be affected by an such provision or by its severance therefrom. AMERICAN, and each BORROWER party to such Loan Document agree to negotiate, in good faith, the terms of a replacement provision as similar to the severed provision as may be possible and be legal, valid, and enforceable.

Dkt. # 1, Ex. A, at 26. This showed that the intent of the parties was to sever any portion of the contract that was illegal or unenforceable, without invalidating the entire agreement. The Court appointed a receiver, but denied the receiver any authority over collateral held by Havana Club.

On September 22, 2006, Plaintiff filed a motion for partial summary judgment on its claims for breach of contract, breach of promissory note, breach of guaranty against Akkel, and foreclosure.[2] Defendants objected on the ground that the loan agreement was void, because plaintiff violated the TWEA and the CACR by obtaining a security interest in collateral held by Havana Club. Defendants also argued that the entire contract was void under Oklahoma law, because the Court lacked the authority to enforce an illegal contract. However, defendants did not dispute any material facts stated by plaintiff in its motion for partial summary judgment. The Court restated its previous ruling that neither the TWEA nor the CACR invalidated the entire loan agreement and, that even if part of the contract violated federal law, plaintiff's security interests in property leased to Havana Club were severable from the remainder of the contract without voiding the agreement as

---

[2]   In its motion for partial summary judgment, American did not attempt to foreclose its security interests in collateral held by Havana Club.

3

a whole. In addition, the Court held that the contract was not void under Oklahoma law, because defendants acted with full knowledge of any illegality when the contract was formed.

**B.**

The Court treats defendants' motion to reconsider under Fed.R.Civ.P. 54(b), as the underlying order is not a final order or judgment. See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir.2003). The Court may, however, call into play the legal standards applicable to a Rule 59(e) motion to alter or amend judgment. See e.g., Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d 147, 167 (2nd Cir.2003). A motion to reconsider, like a motion to alter or amend judgment should only be granted upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir.2000); see also Adams v. Reliance Standard Life Ins. Co., 225 F.3d at 1186 n.5 (10th Cir.2000). The Court will exercise its discretion to review defendants' motion under the standards applicable to Rule 59(e) motions.

**C.**

Defendants claim that new evidence, specifically the depositions of Frank Henke[3] and Gregory Rusco,[4] prove that American knew of the illegality of its security interests in collateral leased to Havana Club. Plaintiff claims that defendants could have obtained this evidence before responding to the motion for partial summary judgment if they had exercised due diligence, and this

---

[3] Henke is the chairman of the board and chief executive officer of American.

[4] Rusco is American's vice-president of commercial lending; he handles credit transactions for some of plaintiff's larger accounts.

evidence should not be considered by the Court. Plaintiff filed its motion for partial summary judgment on September 22, 2006, and defendants responded on October 10, 2006. However, defendants did not notice Henke or Rusco for depositions until November 24, 2006. Plaintiffs argue that defendants could have taken these deposition anytime before responding to the summary judgment motion, or could have sought a continuance to take additional depositions pursuant to Fed. R. Civ. P. 56(f). In order to support a motion to reconsider with new evidence, the party moving for reconsideration has the burden to show either "(1) that the evidence is newly discovered, or (2) if the evidence was available at the time summary judgment was granted, that counsel made a diligent yet unsuccessful attempt to discover the evidence." Webber v. Mefford, 43 F.3d 1340, 1345 (10th Cir. 1994); see also Bell v. Bd. of County Comm'rs of Jefferson County, 451 F.3d 1097, 1102 (10th Cir. 2006); Cooperman v. David, 23 F. Supp. 2d 1315, 1319 (D. Wyo. 1998). Defendants should have moved for leave of court to obtain additional discovery before responding to plaintiff's motion for summary judgment. Committee for First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992). However, given that plaintiff filed a motion for partial summary judgment relatively early in the litigation, the Court will consider the deposition testimony of Henke and Rusco in its ruling on defendants' motion to reconsider.[5]

The Court will not reconsider its two prior rulings (Dkt. ## 36, 62) that the TWEA and the CACR do not require the Court to invalidate the entire loan agreement. On August 4, 2006, in

---

[5] The dispositive deadline motion in this case was December 8, 2006, but plaintiff filed its motion for partial summary judgment on September 22, 2006. The Court did not enter an order appointing a receiver until August 17, 2006, and defendants answered on August 21, 2006. Under these circumstances, defendants could reasonably have concluded that they had more time to conduct discovery and, for the purpose of ruling on defendant's motion to reconsider, the Court will not exclude deposition testimony taken before the discovery cutoff.

relation to plaintiff's motion to appoint a receiver, the Court considered defendants' objections based on the TWEA and the CACR and stated:

> The Court finds that it may not enforce American's security interests in tanks leased by the Havana Club, the proceeds of the leases, or any other interest American may claim. This does not invalidate the provisions of the loan documents related to this security agreement. It is simply beyond the power of the Court to enforce the agreement in a way that would infringe on the power of [the Office of Foreign Asset Control] to regulate trade with a foreign nation.

Dkt. # 36, at 9. The Court clearly held that neither the TWEA nor the CACR invalidated the entire loan agreement because part of the security agreement granted American a security interest in property leased to Havana Club. The Court reiterated this ruling when defendants raised the same objections to plaintiff's motion for partial summary judgment. Defendants' motion to reconsider reurges the same legal arguments that have previously been rejected, without citing any new law, and reconsideration is not appropriate. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991) ("revisiting the issues already addressed 'is not the purpose of a motion to reconsider'"); All West Pet Supply Co. v. Hill's Pet Products Div., 847 F. Supp. 858, 860 (D. Kan. 1994) ("A motion to reconsider or to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court.").

Defendants' primary argument for reconsideration is that the Court misinterpreted Oklahoma law when it concluded that the loan transaction was not void for illegality. They focus on the Court's statement that it would not "invoke its equitable powers to protect a party that participated in the illegality of which it complains." Dkt. # 62, at 8. Contrary to defendants' assertions, the Court did not accuse defendants of violating the CACR but rather, the Court recognized that

defendants, not American, actually leased intermodal containers and chassis to Havana Club.[6] The Court held that American's security interests in tanks and chassis leased to Havana Club were severable from the rest of the agreement, and there was nothing illegal about the remainder of the contract. Defendants argue that severance should not be used to validate a contract that is otherwise void for illegality. They cite the deposition testimony of Henke and Rusco showing that American knew it was accepting a security interest in collateral held by Havana Club. Henke and Rusco acknowledge that they were aware that American accepted a security interest in property subject to the CACR, but they both stated they were aware of the regulations and intended to comply with them.[7] In its motion for partial summary judgment, American specifically excluded the Havana Club collateral and, therefore, the Court has not been asked to enforce an illegal contract. An-Cor, Inc. v. Reherman, 835 P.2d 93, 96 (Okla. 1992) (purpose of the doctrine of illegality is to protect the Court from using its equitable powers to enforce an illegal contract).

The Oklahoma Supreme Court has emphasized that, "[w]hile courts *may declare void* those portions of private contracts which contradict public policy, they must do so *only with great caution*." Schmidt v. United States, 912 P.2d 871, 875 (Okla. 1996) (emphasis in original); see also Shepard v. Farmers Ins. Co., Inc., 678 P.2d 250, 251 (Okla. 1984) ("Court will exercise their power to nullify contracts made in contravention of public policy only rarely, with great caution and in

---

[6]  Plaintiff notes that, if it violated the CACR, defendants Bond International (U.S.) Inc. and Bond International (U.K.) would be guilty of violating of the CACR as well, because both of these defendants are subject to the CACR.

[7]  American has not produced any evidence showing that it did comply with the CACR. While this suggests American's security interests in Havana Club property may be invalid, the deposition testimony also shows that American did not intentionally enter into an illegal contract.

cases that are free from doubt."). In this case, the Court has already ruled that it lacks authority to enforce American's security interests in Havana Club property. Oklahoma law is clear that courts may void any portion of a contract that is found to be illegal without voiding the entire contract. Schmidt, 912 P.2d at 875; In re T.D., 28 P.3d 1163, 1167 (Okla. Civ. App. 2001). In particular, when the parties have included a severability clause, courts should not invalidate the entire contract if an illegal clause can be severed. Pellow v. Pellow, 714 P.2d 593, 599 (Okla. 1985); King v. King, 280 P. 271, 273 (Okla. 1929). Even assuming that defendants were correct that American's security interest in Havana Club property was void for illegality, the remainder of the contract should be enforced. Defendants have not presented any legal argument that requires the Court to invalidate the entire loan transaction, and their motion to reconsider is denied.

## II.

Plaintiffs seek leave of court to file a second motion for summary judgment. Specifically, plaintiff claims that it has conducted discovery related to its claim for breach of guaranty against David K. Bond, and plaintiff intends to file a motion for summary judgment on this claim. Defendants have not filed a response to plaintiff's motion, and the Court will treat this motion as unopposed. Plaintiffs have already filed a motion for partial summary judgment and, pursuant to LCvR 56.1, each party may file only one motion for summary judgment without permission from the court. The Court finds that plaintiff's motion for leave to file a second motion for summary judgment should be granted. Plaintiff shall file its second motion for summary judgment **no later than January 31, 2007**.

The briefing cycle for plaintiff's motion for summary judgment will not be completed before the current trial setting of February 12, 2007. The parties should be given sufficient time to brief

any remaining issues at the summary judgment stage, and the Court will require additional time to review the parties' briefs and prepare a written order. Therefore, the Court will strike the pretrial conference set for February 2, 2007 at 1:00 p.m. and the non-jury trial set for February 12, 2007. The Court will reset the pretrial conference and trial date following its ruling on plaintiff's second motion for summary judgment.

**IT IS THEREFORE ORDERED** that Plaintiff American Bank and Trust Co.'s Opposed Motion for Leave to File Second Motion under Fed. R. Civ. P. 56 (Dkt. # 63) is **granted**. Defendants' Motion to Reconsider and Brief in Support (Dkt. # 64) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's second motion for summary judgment shall be filed no later than **January 31, 2007.**

**IT IS FURTHER ORDERED** that the pretrial conference set for February 2, 2007 and the non-jury trial set for February 12, 2007 are hereby **stricken**, to be reset after ruling on plaintiff's second motion for summary judgment.

**DATED** this 19th day of January, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT