UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMERICAN BANK AND TRUST CO., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 06-CV-0317-CVE-FHM** |
| | ) | |
| BOND INTERNATIONAL LIMITED, | ) | |
| BOND INTERNATIONAL (US) INC., | ) | |
| BOND INTERNATIONAL (U.K.) LIMTED, | ) | |
| DAVID K. BOND and AKKEL | ) | |
| HOLDINGS LIMITED, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

OPINION AND ORDER

Now before the Court is the Motion for Stay of Enforcement of Judgment During Appeal by

Defendants Bond International Limited, Bond International (US), Inc., Bond International (UK)

Limited, David K. Bond, and Akkel Holding and Brief in Support (Dkt. # 90).  Defendants ask the

Court to stay enforcement of the judgment entered on March 13, 2007 without requiring defendants

to post a supersedeas bond.  Plaintiff American Bank and Trust Co. ("American") opposes

defendants' motion.

I.

Bond International Limited ("Bond BVI"), through its subsidiaries Bond International Inc.

("Bond US") and Bond International Limited ("Bond UK"), leases intermodal tanks, containers and

chassis used for transportation and shipping.[1]  David K. Bond ("Bond") is the president and chief

---

[1]      Bond BVI is a wholly owned subsidiary of Akkel Holding Limited.

executive officer of Bond BVI.[2]  Bond established a bank account and credit line with American in 1995 and the parties entered into several loan agreements from 1995 to 1999.  On March 23, 1999, American loaned Bond BVI and its subsidiaries $25 million.  The credit agreement shows that Bond BVI, Bond US, and Bond UK accepted a loan of $25 million and promised to repay the loan by April 5, 2002.  The borrowers executed a credit agreement granting American a security interest in certain leases, containers and chassis owned by Bond BVI and its subsidiaries.  The loan agreement was subsequently amended 16 times to provide defendants additional time to pay off the loan but, even with extensions to April 4, 2006, defendants were unable to pay off the loan.

On June 19, 2006, American filed a lawsuit against defendants to recover the unpaid amounts under the loan agreement.  At the time the case was filed, defendants owed American $23,016,569 in unpaid principal and interest, with additional interest accruing daily.  American asked the Court to appoint a receiver to protect American's interest in collateral in the possession of defendants.  Defendants objected on the basis that the loan agreement was void under the Trading with the Enemy Act, 50 U.S.C. App. § 1, et seq. ("TWEA").  After a hearing, the Court appointed R. Dobie Langenkamp to serve as a receiver over the operations of defendants' business to the extent those business operations impacted American's interest in collateral specified in the loan documents.  The receiver was empowered to "seek reciprocal recognition, appointment, or institute collateral receiverships or any insolvency regime in any foreign jurisdictions where portions of the collateral may be located, including, without limitation, the United Kingdom, the British Virgin Islands, and Belgium."  Dkt. # 41, at 3.

---

[2]     Bond is also the president of Bond US, and the chairman and managing director of Bond UK.

By written opinions and orders, the Court granted summary judgment to American on all of its claims[3] against defendants.  See Dkt. ## 62, 73, 84.  The Court entered judgment on May 13, 2007 for $22,125,111 in unpaid principal and $2,565,591 in interest.[4]  Following entry of judgment, the receiver and American filed a joint action in the High Court of Justice, Chancery Division, of London ("Chancery Court), for recognition of the receiver and this Court's judgment in favor of American.  Defendants objected to recognition action on the basis that recognition of the receiver by English courts "risks significant prejudice [to] the defendants' ability to conduct its business and risks causing the defendants significant financial losses."  Dkt. # 99, Ex. 1, at 29.  American's recognition action is still pending before the Chancery Court, and neither the receivership nor this Court's judgment have been recognized by the Chancery Court.

Defendants have appealed the judgment solely on the basis that the Court erred when it determined that the TWEA did not invalidate the entire loan agreement.  Dkt. # 90, at 1-2. Defendants request a stay of the judgment without the necessity of posting a supersedeas bond. Defendants argue that they do not have sufficient funds to pay the judgment or post a bond without causing irreparable harm to their business operations.  Bond has submitted an affidavit stating that enforcement of the judgment would render defendants insolvent and, even if the Tenth Circuit were to reverse the Court's finding on the TWEA, there would be no way to restore defendants to their current financial status if American were permitted to proceed with enforcement of the judgment.

---

[3]    American's filed four claims for relief against defendants: (1) breach of contract; (2) breach of promissory note; (3) breach of guaranty against Bond and Akkel Holdings Limited; and (4) foreclosure.

[4]    American has also moved for $837,614 in attorney fees plus the costs of this action.  Dkt. # 96.

Defendants claim that the receiver must still fulfill his duties as an officer of the Court, and the receivership is sufficient to protect American's interests in collateral.  American objects to defendants' motion, in part, because defendants have continued to object to recognition of the receiver in the Chancery Court, preventing the receiver from exercising control over collateral in England.  American argues that if the Court decides to stay enforcement of the judgment, a supersedeas bond is necessary to protect its interests while the case is on appeal to the Tenth Circuit.

## II.

Defendants argue that enforcement of the judgment will drive them into bankruptcy, and the Court should exercise its inherent authority to stay enforcement of the judgment and waive the requirement to post a supersedeas bond.  Defendants suggest that the receiver can adequately protect American's interests  while the case is on appeal.  American responds that defendants have opposed its application to have the receivership recognized by the Chancery Court, and defendants' actions have deprived the receiver of necessary powers to protect collateral located in England.  They also argue that defendants have not carried their burden to show that a supersedeas bond is unnecessary under the circumstances.

The stated legal basis for defendants' motion is Fed. R. App. P. 8(a)(1)(A), but this Court derives its authority to stay a money judgment on appeal from Fed. R. Civ. P. 62(d).  Under the Federal Rules of Civil Procedure, a court must stay its judgment when an appeal is taken and the appealing party posts a supersedeas bond approved by the court.  Fed. R. Civ. P. 62(d); American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc., 87 S. Ct. 1 (1966) ("With respect to a case arising in the federal system it seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a

bond in accordance with Fed.R.Civ. P. 62(d).").  The purpose of a supersedeas bond is to protect the successful litigant by securing the full amount of a money judgment while a case is on appeal. Dutton v. Johnson County Bd. of County Comm'rs, 884 F. Supp. 431, 435 (D. Kan. 1995). District courts have the inherent authority to waive the requirement of a supersedeas bond or to reduce the amount of the bond to prevent irreparable harm to the judgment debtor.  Miami Int'l Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir. 1986).  However, the general rule is that a judgment debtor must post a bond for the full amount of the judgment before a court will stay enforcement of a money judgment during an appeal.  Olcott v. Delaware Flood Co., 76 F.3d 1538, 1559 (10th Cir. 1996).  Of course, a judgment debtor may appeal the district court's judgment without posting a supersedeas bond and, if he is successful on appeal, the district court must restore any benefit obtained by the judgment creditor during the appeal.  Strong v. Laubach, 443 F.3d 1297, 1299 (10th Cir. 2006).

Defendants claim that the receiver can protect and maintain American's interests in collateral even after entry of judgment, and this is sufficient to prevent harm to American from any change in defendants' financial condition while the case is on appeal.  Defendants state that they do not have "appreciable assets other than those subject to the receivership with which to pay the judgment" and they believe that:

> [e]nforcement of the Judgment during appeal will destroy the business of the Defendants.  If the Judgment is reversed on appeal, there will be no way to restore the Defendants to the position they were in prior to enforcement.  The Defendants are in the business of leasing tanks, chassis and intermodal containers and collecting the lease payments thereon.  Even though replacements of the Collateral could be obtained, there is only a finite market for these items.  The Defendants could not recover their lost business and the damages would be extremely difficult to calculate.

Dkt. # 90, at 2. The sole evidentiary support for these statements is the affidavit of Bond. However, the record also supports defendants' claims that their business operations are facing significant financial difficulties. In the findings of fact and conclusions of law entered following the hearing on American's motion to appoint a receiver, the Court found that defendants' "financial position gives no assurance that [defendants] are now able or might soon become able to fully repay the amounts owed" under the loan agreement. Dkt. # 40, at 16. The Court also found that the value of the collateral was appraised at $7,312,250, far short of the amount needed to repay the loan. Id. at 17.

The Court finds that defendants are unable to post a supersedeas bond for the full amount of the judgment but, by itself, this finding does not require the Court to stay enforcement of the judgment without requiring defendants to post some type of bond while the case is on appeal. The Court must also balance American's need to secure its judgment during the appeal against the potential harm to defendants from posting a supersedeas bond. E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987) ("In considering whether to grant a stay pending appeal, this court assesses the movant's chances for success on appeal and weighs the equities as they affect the parties and the public."); Texaco Inc. v. Pennzoil Co., 784 F.2d 1133, 1154 (2d Cir. 1986) ("Accordingly, when setting supersedeas bonds courts seek to protect judgment creditors as fully as possible without irreparably injuring judgment debtors."). The Court must consider whether American's judgment will be protected during the appeal if defendants are not required to post a supersedeas bond.

American has produced evidence that defendants have not fully cooperated with the receiver during the pendency of this litigation, and have prevented the receiver from exercising his full

authority over the collateral.  After the Court appointed the receiver, defendants's lessees were directed to make payments into a "lockbox" that would be monitored by the receiver.  Dkt. # 41, at 2.  When American audited the lockbox, it found that Bond had personally removed $222,967 from the lockbox for personal expenses.[5]  Dkt. # 99, Ex. 2, at 3-4.  The Chancery Court has issued an injunction prohibiting defendants from any further unauthorized withdrawals from the lockbox, but Bond's actions show that he blatantly disregarded the receiver's authority to manage defendants' assets.  In addition, defendants have objected to the receiver's efforts to have this Court's judgment recognized in the Chancery Court, which is a necessary prerequisite to the receiver taking any action concerning American's collateral under English jurisdiction.  Dkt. # 99, Ex. 1, at 8.  In proceedings before the Chancery Court, defendants have argued that recognition of the receiver will cause them significant financial losses and that their business will collapse if the Chancery Court recognizes this Court's order appointing a receiver.  Plaintiff has submitted the affidavit of Neil Robert Griffiths, an attorney authorized to practice before the Chancery Court.  Dkt. # 99, Ex. 1.  He states that the receiver's powers will be severely limited until this Court's order appointing the receiver (Dkt. # 41) and the judgment are recognized by the Chancery Court, and the receiver is not able to protect American's collateral under English jurisdiction at this time.  Id. at 8.

Defendants' argument that the receiver has sufficient powers to protect American's interests in collateral is significantly undermined by defendants' actions during the pendency of this case. It is not clear how the receiver can prevent harm to American's interests if he has no authority to act under English law, especially since defendants' principal offices are located in London.  In fact,

---

[5]     Bond claims that these withdrawals were necessary to pay his salary, but he does not deny that he removed funds from the lockbox without obtaining permission from the receiver. Dkt. # 99, Ex. 2, at 3.

defendants have used the filing of this motion to stay as a ground for the Chancery Court to dismiss the receiver's action to recognize the receivership and judgment in this case.   Bond's actions create significant doubt that he will adhere to this Court's rulings unless the receiver is recognized by the Chancery Court.[6]   Even though the Court has found that defendants will likely have difficulty posting a supersedeas bond for the full amount of the judgment, their actions suggest that a bond in some not insignificant amount is necessary to protect American's judgment while the case is on appeal.

Defendants have cited <u>Paynter</u> in support of their assertion that the Court can order a stay of enforcement without requiring a supersedeas bond.  In <u>Paynter</u>, the plaintiff obtained a judgment for $2.1 million against the law firm of Paynter & Hensick, P.C., for legal malpractice.  <u>Paynter</u>, 807 F.2d at 871.  The defendants appealed and moved for a stay of enforcement of the judgment without posting a bond for the full amount of the judgment.  The district court granted defendants' motion on the condition that defendants' liability insurer place $500,000, the limits of defendants' malpractice insurance, in an escrow account during the appeal.  <u>Id</u>. at 872.  The plaintiff was permitted to conduct post-trial discovery to determine the extent of defendants' assets and the defendants were ordered not to sell or dispose of any assets other that what was reasonably necessary to pay living expenses.  <u>Id</u>. at 872-73.  The Tenth Circuit affirmed the district court's decision not to require a bond for the full amount of the judgment.  Although the Tenth Circuit recognized the general rule that a full supersedeas bond should be required in most circumstances,

---

[6]     American also points out that, even if the receiver is recognized by the Chancery Court, the receiver will have no authority to oversee's Bond's personal assets.  The Court entered judgment for breach of guaranty against Bond personally, and it is unclear how the receiver could prevent Bond from disposing of his assets while the case is on appeal.

the district court did not abuse its discretion by requiring a reduced supersedeas bond. Id. at 874. The evidence showed that the defendants were unable to post a bond for the amount of the judgment and were likely to become insolvent if the judgment were enforced during the appeal.  Under the circumstances, defendants had shown that a reduced supersedeas bond was warranted.

American has shown that it has a legitimate basis to conclude that its judgment will not be secure while the case is pending on appeal.  Defendants have shown they will have difficulty posting a full supersedeas bond, but they do not address the impact of a reduced supersedeas bond in their motion to stay enforcement of the judgment. Paynter stands for the general rule that federal district courts have the inherent authority to reduce the amount of a supersedeas bond, but Paynter does not suggest that a judgment debtor's bare assertion that he lacks sufficient funds to post a full supersedeas bond justifies waiving this requirement. O'Connor v. Midwest Pipe Fabricators, Inc., 1990 WL 11065, *2 (D. Kan. Jan. 3, 1990).  In this case, American has produced evidence that defendants have disregarded this Court's orders that were intended to maintain the status quo while this case was pending.  Given the receiver's limited authority over collateral in England and defendants' objection to the Chancery Court's recognition of the receiver, defendants' argument that the receiver can adequately protect American's judgment during the appeal does not justify a complete waiver of the supersedeas bond requirement.

The Court does find that there is a substantial likelihood that defendants will be irreparably harmed if the judgment is enforced while the case is on appeal.  Defendants have shown that, if they are successful on appeal, they will not have an adequate remedy to replace collateral used to satisfy the judgment.  However, defendants' actions during this case have shown that the receiver will not be able to completely secure American's judgment, and the Court finds that a reduced supersedeas

bond is necessary.  Therefore, the Court will conditionally grant defendant's motion to stay, but the stay will not become effective until defendants post a supersedeas bond in the amount of $1 million.

**IT IS THEREFORE ORDERED** that the Motion for Stay of Enforcement of Judgment During Appeal by Defendants Bond International Limited, Bond International (US), Inc., Bond International (UK) Limited, David K. Bond, and Akkel Holding and Brief in Support (Dkt. # 90) is **granted in part** and **denied in part**.  The motion is granted as to defendants' request to stay enforcement of the judgment, but defendants' request to waive the posting of a supersedeas bond is denied.  The stay will not become effective until defendants post with the Clerk of Court a reduced supersedeas bond in the amount of $1 million.

**DATED** this 19th day of April, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT