UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMERICAN BANK AND TRUST CO., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-0317-CVE-FMH |
| | ) | |
| BOND INTERNATIONAL LIMITED, | ) | |
| BOND INTERNATIONAL (US) INC., | ) | |
| BOND INTERNATIONAL (U.K.) LIMTED, | ) | |
| DAVID K. BOND and AKKEL | ) | |
| HOLDINGS LIMITED, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Now before the Court is Receiver's Combined Motion to Approve Receiver's Final Report, To Approve and Final Accounting and Audit, To Approve Receivership Fees and Expenses, To Discharge Receiver and Terminate Receivership, and to Exonerate Receiver's Bond (Dkt. # 130). The Court appointed R. Dobie Langenkamp to serve as a receiver in this case on August 17, 2007 and required him to post a bond of $100,000. The receiver filed the appropriate bond on August 31, 2006 and it was approved by the Court on September 5, 2006. Dkt. # 45. He filed his final report (Dkt. # 129) on September 11, 2007 stating that this case has settled and he has completed his obligations as receiver. He filed this motion requesting that the Court (1) approve the receiver's final report; (2) approve the receiver's final accounting and audit; (3) approve and authorize payment of the receiver's fees and expenses; (4) find that the receivership has no further debts or obligations; (5) approve all actions taken by the receiver and discharge the receiver; (6) terminate the receivership; and (7) exonerate the bond posted by the receiver. After reviewing the receiver's final report, the Court finds that this case has settled and there is no further need for a receivership.

The receiver has fulfilled his obligations and, by filing this motion, he has taken the necessary steps to resolve all pending matters concerning the receivership.

**IT IS THEREFORE ORDERED** that Receiver's Combined Motion to Approve Receiver's Final Report, To Approve and Final Accounting and Audit, To Approve Receivership Fees and Expenses, To Discharge Receiver and Terminate Receivership, and to Exonerate Receiver's Bond (Dkt. # 130) is **granted**.

**IT IS FURTHER ORDERED** that the Court approves the receiver's final report (Dkt. # 129) and the final accounting and audit of the receiver's accounts (Dkt. # 129, Exs. D and E).

**IT IS FURTHER ORDERED** that the Court approves the receiver's requested fees and expenses and authorizes payment of any outstanding fees and expenses. Dkt. # 130, Exs. D and E. The Court also approves and authorizes payment of the receiver's attorney and accounting fees as described in Exhibits A and B to his motion.

**IT IS FURTHER ORDERED** that the Court finds that the receivership has no further debts or obligations to any party or entity in connection with this case.

**IT IS FURTHER ORDERED** that the Court approves all actions taken by the receiver during the pendency of this case and discharges the receiver, R. Dobie Langenkamp, from any further responsibilities in this case.

**IT IS FURTHER ORDERED** that the Court finds that this lawsuit has settled and there is no further need for a receivership. The receivership is hereby terminated.

**IT IS FURTHER ORDERED** that the Court finds that no claim has been made against the bond of $100,000 approved by this Court on September 5, 2006 (Dkt. # 45) and the bond is exonerated.

**DATED** this 13th day of September, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT