UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **AMERICAN BANK AND TRUST CO.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 06-CV-0317-CVE-FHM |
| | ) |
| **BOND INTERNATIONAL LIMITED,** | ) |
| **BOND INTERNATIONAL (US) INC.,** | ) |
| **BOND INTERNATIONAL (U.K.) LIMTED,** | ) |
| **DAVID K. BOND and AKKEL** | ) |
| **HOLDINGS LIMITED,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

This matter comes on for consideration of Plaintiff American Bank and Trust Co.'s Motion for Relief from Order (Dkt. # 133). The Court previously entered an Opinion and Order (Dkt. # 132) setting the Receiver's fees at an hourly rate of $275 per hour, and approved the Receiver's requested fees. Plaintiff asks the Court to review its award of fees to the Receiver in light of a retention agreement between American Bank and Trust Co. ("American") and R. Dobie Langenkamp ("Langenkamp"). American states that it is expresses no objection to the Court's decision to set the Receiver's fees at $275 per hour, but it simply wishes to notify that Court that Langenkamp received $200 per hour under a retention agreement executed before Langenkamp was appointed to serve as Receiver in this case. Langenkamp responds that no party filed an objection to his request for fees, and that a pre-receivership contract is irrelevant to the Court's determination of an hourly rate for his work as Receiver.

The retention agreement states that Langenkamp would "use his best efforts to assist in the collection and liquidation of the Debt as described in the Consultant/Receiver's Plan . . . ." Dkt. # 133, Ex. A, at 1. Langenkamp was paid $200 per hour for his services and the retention agreement provides that Langenkamp was "willing, if asked to serve as a Receiver or Trustee or Agent on the same basis in any litigation or collection process." Id. The parties agree that the retention agreement terminated once the Court appointed Langenkamp to serve as Receiver.

American requests relief from the Court's Opinion and Order setting the Receiver's hourly rate pursuant to Fed. R. Civ. P. 60(b). Rule 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b) "'is an extraordinary procedure' which 'seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that judge be done in light of *all* the facts.'" Jennings v. Rivers, 394 F.3d 850, 856 (10th Cir. 2005) (citations omitted) (emphasis in original).

The Court has reviewed the retention agreement and finds that none of its terms expressly applied to Langenkamp in his capacity as Receiver. This evidence was not presented to the Court when it entered its Opinion and Order approving the Receiver's fees, nor does American actually object to the hourly rate previously set by the Court. The driving force behind American's motion appears to be an objection from another bank with a participation interest in American's loan to

defendants. According to American, banks with participation interests are obligated to share certain expenses, such as the Receiver's fees, if the expenses are not collected from defendants. However, American "does not believe under the circumstances that the $200 rate is controlling . . . ." Dkt. # 133, at 3. There is no indication that the Receiver misled the Court when he requested compensation at $275 per hour, because the parties did not have an agreement specifically providing an hourly rate for his services as Receiver. American has not shown that extraordinary relief under Fed. R. Civ. P. 60(b) is justified, and its motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff American Bank and Trust Co.'s Motion for Relief from Order (Dkt. # 133) is **denied**.

**DATED** this 22nd day of October, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT